```
UNITED STATES DISTRICT COURT                FOR ONLINE PUBLICATION ONLY
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
DR. GERALD FINKEL, as Chairman of the           :
Joint Industry Board of the Electrical Industry, :
                                                :
                        Plaintiff,              :       MEMORANDUM
                                                :       AND ORDER
        - against -                             :
                                                :       06 CV 1269 (JG)
                                                :
WHIFFEN ELECTRIC CO., INC. and                  :
JOSEPH ROMANOWICZ,                              :
                                                :
                        Defendants.             :
----------------------------------------------------------------- X
```

JOHN GLEESON, United States District Judge:

  Before me is a report and recommendation ("R&R") by Chief United States Magistrate Judge Steven M. Gold concerning plaintiff's pending motion for default judgment. Chief Judge Gold recommends that (1) I award the plaintiff damages of $160,058.55 against Whiffen Electric Co., Inc. ("Whiffen"); and (2) I dismiss the plaintiff's claims against Joseph Romanowicz. I assume familiarity with the R&R.

  Plaintiff timely filed objections. Because, as I explain below, the objections have no merit, and because I agree with the conclusions of the R&R, I adopt Chief Judge Gold's recommendations. Accordingly, plaintiff is awarded a judgment against Whiffen in the total amount of $160,058.55, which consists of unpaid employee benefit plan contributions of $106,102.34, the value of dishonored checks in the amount of $16,956.45, unpaid 401(k) plan contributions of $12,341.58, interest of $8,493.95, liquidated damages also of $8,493.95, and attorney's fees and costs of $7,670.28. Plaintiff's claims against Romanowicz are dismissed.

  Plaintiff objects only to the dismissal of claims against Romanowicz. He seeks, in part, to hold Romanowicz, the principal of Whiffen, jointly and severally liable under the

Employer Retirement Income Security Act of 1974, 29 U.S.C. § 1145 ("ERISA"), for Whiffen's delinquent promised contributions to the Deferred Salary Fund ("the 401(k) plan"). In concluding that Romanowicz was not personally liable for the unpaid contributions, Chief Judge Gold rejected plaintiff's argument that Romanowicz exercised sufficient authority and control over the 401(k) plan's assets, *i.e.*, the unpaid contributions,[1] to warrant liability as a fiduciary of the 401(k) plan. 29 U.S.C. § 1002(21)(A)(i) defines an ERISA fiduciary as one who "exercises any discretionary authority or discretionary control respecting management of [an ERISA benefit] plan or exercises any authority or control respecting management or disposition of its assets." Plaintiff objects that the R&R wrongly required him to prove that Romanowicz exercised *both* discretionary authority or control over the 401(k) plan *and* authority or control over the plan's assets, contrary to the disjunctive logical structure of § 1002(21)(A)(i).

I disagree with plaintiff's characterization of Chief Judge Gold's reasoning, but the point is academic because, notwithstanding plaintiff's argument to the contrary, plaintiff has not proven Romanowicz's authority over the plan's assets. Plaintiff claims that "[a]s the principal of Whiffen, Romanowicz withheld Employee Elective Contributions from employee paychecks" instead of remitting the contributions to the 401(k) plan, as he was required to do under the collective bargaining agreement, and then commingled the withheld funds with Whiffen corporate assets. Objection to Report and Recommendation ("Objection") 4-5. These claims are insufficient to show authority or control over plan assets.

The principal case plaintiff relies upon, *LoPresti v. Terwilliger*, 126 F.3d 34 (2d Cir. 1997), illustrates the point. In *LoPresti*, the Second Circuit held that one of two

---

[1] Chief Judge Gold held, and plaintiff does not disagree, that the unpaid contributions are "assets" for ERISA purposes.

shareholder-officers of a company was an ERISA fiduciary of certain benefit plans, in the sense that he exercised authority or control respecting management or disposition of the plans' assets, but that the other shareholder-officer was not. 126 F.3d at 40-41. In separating the two officers, the court looked to which officer made company payments with plan assets. Both had the authority to sign checks on the company's account, *see id.* at 40, and both were aware that deductions were placed in the company's general accounts, *see id.* at 37, but only one, the fiduciary, determined which creditors to pay and when, and used company funds to pay those creditors, *see id.* at 40.

Here, the complaint states that "Romanowicz, by virtue of his position as an officer of the Company, exercised control over Company assets, including the general assets with which withheld contributions have been commingled, failed to advise the participants or employees of the Company that they had failed and refused to remit the withheld contributions to the Plan." Compl. ¶ 35. I assume this allegation, which upon defendant's default I take to be admitted pursuant to Fed. R. Civ. P. 8(d), demonstrates that Romanowicz commingled plan assets. As *LoPresti* illustrates, however, the act of commingling, without more, does not make one a fiduciary. Even inferring that Romanowicz, as Whiffen's principal, had the authority to draw on the company accounts, there is no allegation that (1) he had the authority to determine which company bills to pay and when; or (2) he "exercise[d]" that authority by using the money from the unpaid contributions for company payments. Lacking such a showing, plaintiff has not demonstrated that Romanowicz had the requisite control or authority over plan assets to be an

3

ERISA fiduciary.[2]

Plaintiff also seeks to hold Romanowicz personally accountable for a set of bounced checks drawn on Whiffen's account and tendered to the Joint Industry Board. Chief Judge Gold held that Romanowicz should not be held liable for the checks, though they were signed by him in his own name without any invocation of his representative capacity, because the likely course of dealing between plaintiff and Whiffen illustrated a mutual understanding that "the amounts [Whiffen] paid [with the checks] were owed as a result of the corporation's business dealings or, more specifically, its hiring of employees covered by the [collective bargaining agreement]." R&R 11. *See In re Golden Distribs., Ltd.*, 134 B.R. 770, 774 (Bankr. S.D.N.Y. 1991) (signatory not liable upon showing "there was an understanding, implicit in the course of dealing . . . that he was acting in a representative capacity"). Chief Judge Gold also pointed out that "plaintiff has offered no evidence, nor made any assertions of fact, suggesting that there was not such a course of dealing." *Id.* at 12.

Plaintiff objects that Chief Judge Gold's inference of the parties' likely past course of dealing was clearly erroneous. *See* Objection 6. But the inference of the existence of past payments from Whiffen to the union was not clearly erroneous: the complaint alleges that the company was required, pursuant to collective bargaining agreements spanning a period from May 2002 to the present, "to remit employee benefit contribution payments" to the union weekly. Compl. ¶¶ 12-14. The further inference that those weekly payments usually took the

---

[2] Plaintiff's memorandum asserts that Romanowicz "used [company] funds, including the Employee Elective Contributions withheld from workers' wages, for general corporate purposes rather than remitting the plan assets to the 401(k) Plan." Objection 5. My review of the complaint and the declarations supporting plaintiff's motion, however, reveals no support for the claim that Romanowicz had the authority to "use[]" funds "for general corporate purposes," much less that he exercised that authority.

4

form of checks signed by Romanowicz was not clearly erroneous either: all the checks in the record were signed by him.  Plaintiff also objects that the R&R wrongly put the burden of production on the defendant to rebut a presumptive past course of dealing.  But the R&R only noted plaintiff's lack of evidence of a contrary course of dealing as additional support for the reasonableness of its finding.  Accordingly, I find plaintiff's objections as to Romanowicz's liability for the bounced checks to be without merit.

The R&R is adopted in full and the Clerk is respectfully directed to enter judgment accordingly.

So ordered.


John Gleeson, U.S.D.J.

Dated: Brooklyn, New York
       May 14, 2007